UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN EDWARD LEWIS,

               Plaintiff,

   v.

CHAD M ENRIGHT, et al.,

               Defendants.

Case No. C19-5653-BHS-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. In light of the deficiencies in several of the claims in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. Plaintiff, though, will be provided the opportunity to show cause why certain claims should not be dismissed or to file an amended complaint, **on or before September 15, 2019**.

## BACKGROUND

Plaintiff raises three claims in his complaint: (1) defendant Caleb Baird violated his right to equal protection by discriminating against him based on his race by imposing a significantly greater sanction against him for fighting than his white counterpart received for the same offense; (2) defendant Penny Sapp violated his right of meaningful access to the courts because the Jail library is generally deficient and he does not receive enough time in the library; (3) defendant Kitsap County Prosecutor Chad M. Enright violated his constitutional rights by

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

charging him in district court for the same crime for which he already received a jail disciplinary sanction and "when no won [sic] read me my rights or took a statement from me." Dkt. 1-1.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

**A.    Equal Protection**

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

1   The Court finds plaintiff has stated sufficient facts to warrant a response from defendant
2   with respect to his equal protection claim. However, because plaintiff's claims with respect to the
3   prison library and against the Kitsap County Prosecutor are deficient, as explained below, the
4   Court will not serve the complaint until plaintiff has had an opportunity to cure the deficiencies
5   in his other claims. If plaintiff fails to show cause or file an amended complaint curing the
6   deficiencies in the complaint as described below, the Court may recommend dismissal of the
7   deficient claims and direct service of the complaint only with respect to plaintiff's equal
8   protection claim.

**B.      Access to Courts**

Plaintiff alleges his constitutional rights were violated because the Jail library is generally deficient and he does not receive enough time in the library. Dkt. 1-1. Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds*, the Supreme Court held the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id.* at 349.

To establish he suffered an actual injury, plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct

criminal appeals, habeas corpus proceedings, and § 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting Lewis*, 518 U.S. at 353 & n. 4).

Plaintiff has not alleged any actual injury in his complaint. The complaint fails to allege facts showing plaintiff had a legal claim frustrated by defendant's actions. *See Exmundo v. Kevorkian*, 2009 WL 3416236, *3 (E.D. Cal. Oct. 22, 2009) (holding litigating a case effectively is not a constitutionally protected right, and finding the plaintiff did not state an access claim when he alleged he had to secure extensions and speculated the outcome of a case may have been different had he been able to litigate more effectively).

Accordingly, plaintiff's claim is subject to dismissal for failure to state a claim unless he can show cause why his claim should not be dismissed on this basis or file an amended complaint curing this deficiency.

**C.     Claims Against Prosecutor**

Plaintiff alleges on May 24, 2019, he was charged with a major rule violation, a hearing was held by Jail administration and he received a sentence. Dkt. 1-1. On July 7, 2019, he alleges he was charged in district court for the same incident by Kitsap County Prosecutor Chad M. Enright. *Id.* Plaintiff alleges it is unconstitutional for defendant Enright to charge him "when no won [sic] read me my rights or took a statement from me" and that the district court charges amount to double jeopardy. *Id.*

Generally, a plaintiff may not challenge the propriety of ongoing state criminal proceedings in a 42 U.S.C. § 1983 lawsuit. Federal courts will not intervene in a pending

criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971).

The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). Based on plaintiff's complaint it appears that all of the *Younger* criteria are satisfied here. The proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that plaintiff cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm. Therefore, it appears that this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves.

Accordingly, plaintiff's claim is subject to dismissal without prejudice pursuant to *Younger* unless he can show cause why his claim should not be dismissed on this basis or file an amended complaint curing this deficiency.

## D. Instructions to Plaintiff and Clerk

Due to the deficiencies described above, the Court will not serve the complaint at this time. **On or before September 15, 2019**, plaintiff may either: (1) show cause why his deficient claims described above should not be dismissed; or (2) file an amended complaint to cure, if possible, the deficiencies noted herein. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Because an amended pleading operates as a *complete* substitute for an original pleading, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), any amended complaint must clearly identify the defendant(s), the constitutional or federal statutory claim(s) asserted, the specific facts that plaintiff believes

support each claim, and the specific relief requested. **Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived.** *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

**The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed, or fails to adequately address the issues raised herein, the undersigned may recommend dismissal of the deficient claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and order service only as to plaintiff's equal protection claim against defendant Baird as described above.**

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 15th day of August, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge