1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN EDWARD LEWIS,

                    Plaintiff,

v.

CHAD M ENRIGHT, et al.,

                    Defendants.

Case No. C19-5653-BHS-TLF

REPORT AND RECOMMENDATION

Noted for <u>December 20, 2019</u>

Plaintiff Justin Edwards Lewis, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on July 17, 2019. *See* Dkt. 1. On August 15, 2019, the Court screened plaintiff's complaint and issued an order directing plaintiff to show cause why certain claims should not be dismissed or file an amended complaint. Dkt. 6. In the order, the Court found plaintiff's equal protection claim against defendant Caleb Baird stated sufficient facts to warrant service and a response from the defendant. *Id.* However, the Court found plaintiff's claims against the other two named defendants, Penny Sapp and Chad M. Enright, deficient. *Id.* Specifically, the Court found plaintiff's claims against defendant Penny Sapp related to the Jail library failed to state a claim because he failed to allege facts showing any actual injury. *Id.* The Court further found plaintiff's claim against Kitsap County Prosecutor Chad M. Enright related to criminal charges pending against plaintiff were subject to dismissal under the *Younger* abstention doctrine. *Id.*; *Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly, in its order, the Court indicated it would not serve the complaint at the time but would allow plaintiff an opportunity, on or before September 15, 2019, to show cause why his claims against defendants Sapp and Enright should not be dismissed, or to file an amended complaint addressing the identified deficiencies. *Id.* The Court warned that failure to file an amended complaint or adequately address the deficiencies in plaintiff's claims against defendants Sapp and Enright would result in the Court recommending dismissal of those claims pursuant to 28 U.S.C. § 1915 and *Younger v. Harris*. *Id.*

On August 26, 2019 and September 4, 2019, the Court's orders granting in forma pauperis status and its Order to Show Cause or Amend the Complaint were returned as undeliverable to plaintiff. Dkts. 7, 8. On September 23, 2019, the Court issued an order directing plaintiff to update his address with the Court by October 28, 2019. Dkt. 9. On October 4, 2019, plaintiff updated his address with the Court and October 8, 2019, the Court re-issued its Order to Show Cause or Amend the Complaint and directed plaintiff to respond by November 8, 2019. Dkts. 10, 11.

Plaintiff has failed to comply with the Court's order. He has not filed a response to the order or filed an amended complaint. Further, as discussed in the order, plaintiff's claim against defendant Sapp fails to state a claim upon which relief can be granted and his claims against defendant Enright are subject to dismissal pursuant to the *Younger* abstention doctrine. *See* Dkt. 6, 11. Therefore, the Court recommends that plaintiff's claims against defendant Sapp be dismissed without prejudice for failure to comply with a Court order and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court further recommends that plaintiff's claims against defendant Enright be dismissed without prejudice for failure to comply with a Court order and pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

1    If the Report and Recommendation is adopted, the Court further recommends that the

2  case be referred back to the Hon. Theresa L. Fricke for further proceedings.[1]

3    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

4  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

5  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

6  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

7  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

8  December 20, 2019, as noted in the caption.

9    Dated this 2nd day of December, 2019.

10

11  _____
   Theresa L. Fricke
12  United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23  _____

[1] If the Court adopts the Report and Recommendation and refers the matter back for further proceedings, the
24  undersigned will direct service of plaintiff's complaint with respect to plaintiff's equal protection claim against the
   remaining defendant, Caleb Baird, only.

25