UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN EDWARD LEWIS,

          Plaintiff,

v.

CALEB BAIRD,

          Defendants.

Case No. 3:19-cv-05653-TLF

ORDER DENYING MOTION TO DISMISS

This matter is before the Court on defendants' motion to dismiss plaintiff's 42 U.S.C. § 1983 civil rights complaint for failure to state a claim and based upon qualified immunity. Dkt. 24. The parties have consented to the jurisdiction of Magistrate Judge Theresa Fricke to conduct all proceedings in this case. Dkt. 23; *see* 28 U.S.C. § 636(c). For the reasons set forth below, the Court denies defendants' motion (Dkt. 24).

## FACTUAL AND PROCEDURAL HISTORY

The only claim remaining in plaintiff's complaint alleges that defendant Caleb Baird violated plaintiff's right to Equal Protection of the law. Dkt. 5. Plaintiff alleges he was in a fight with another inmate -- the complaint states that this inmate was white – and the inmate hit plaintiff in the face three times; plaintiff then hit him back. *Id.* He claims the incident was all recorded on DVR. *Id.* The complaint asserts plaintiff was sent to "the hole" and lost 15 days of good time and was put in segregation for 15 days while the other inmate went back to the dorm unit and did not get written up. *Id.*

ORDER DENYING MOTION TO DISMISS - 1

The complaint states the other inmate involved in this fight conspired with a friend to make a false statement against plaintiff -- supporting the inmate's version of the incident to defendant Baird. *Id.* Plaintiff alleges defendant Baird did not look at the camera footage; plaintiff alleges the recording supported his version of events and that Baird "only took one side of the story" in order to keep the white inmate out of trouble. *Id.* Plaintiff alleges he was treated differently and given a harsher punishment than the inmate with whom he fought, because of plaintiff's "size" and "race." *Id.*

## DISCUSSION

### I. STANDARD OF REVIEW

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009): "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order to survive a motion to dismiss under FRCP 12(b)(6). Pro se pleadings must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### II. EQUAL PROTECTION

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting

ORDER DENYING MOTION TO DISMISS - 2

*Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (citation omitted).

Alternatively, when an action does not implicate a protected class such as race or religion, a plaintiff may establish a "class of one" equal protection claim by alleging that he has been intentionally treated differently from others similarly situated without any rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007). To "'be considered similarly situated, the class of one challenger and his comparators must be prima facie identical in all relevant respects or directly comparable in all material respects.'" *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (quoting *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008)); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

Construing the allegations of the pro se complaint liberally and in the light most favorable to the plaintiff, the Court finds plaintiff has stated sufficient facts to state a plausible Equal Protection claim. Specifically, plaintiff alleges defendant Baird refused to

ORDER DENYING MOTION TO DISMISS - 3

review the video which plaintiff alleges supported his version of events (i.e. that the white inmate was the aggressor in the fight), chose instead to accept the version of events told by the other white inmate and his friend, and thereafter imposed significant punishment upon plaintiff while imposing no punishment against the other (white) inmate. The Court may reasonably infer that, although the complaint does not identify plaintiff's race, the complaint states that because of acts or omissions by the defendant, plaintiff was treated in a discriminatory manner, and allegedly suffered harm, on the basis of his race. The Court finds these facts, accepted as true and taken in the light most favorable to the non-moving party, are sufficient to allege a cause of action under 42 U.S.C. Section 1983 for disparate treatment of similarly situated individuals and to raise an inference of intentional discrimination on the basis of race.

Defendant argues that the report attached to plaintiff's complaint refutes plaintiff's own allegations that defendant Baird did not review the video and did not allow him to tell his side of the story. The Court may consider this report, because it is a matter of public record from the jail, it is attached to the complaint, and the contents of the attachment are referred to in the complaint. *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018). Yet, the Court is not allowed to consider facts that are in dispute even when contained in a public record, and incorporated into a complaint. 899 F.3d at 1001-04, 1006-07, 1014-15*.*

In the report, defendant Baird states that he reviewed the video but does not state what, if anything, he saw on the video. On a motion to dismiss the Court is required to accept the plaintiff's version of the facts as true, and draw inferences in the light most favorable to the non-moving party. Plaintiff asserts the video in question

ORDER DENYING MOTION TO DISMISS - 4

1 supports his version of events but that defendant Baird refused to review the evidence
2 plaintiff alleges was exculpatory; the complaint asserts the defendant chose to accept
3 the version of events conveyed by the other inmate (and the version given by that
4 inmate's friend) involved in the fight or altercation, who was white. While plaintiff does
5 not specifically identify his own race in the complaint, construing the complaint liberally
6 the Court may infer plaintiff is alleging that his race is distinct from the race of the
7 inmate described in the complaint as white, and whom the complaint alleges received
8 no punishment for his actions despite being the aggressor in the incident.

9       The Court notes that this finding does not necessarily mean plaintiff will be
10 successful on the merits of his claims, but only that he has stated sufficient facts, which
11 the Court must accept as true at this stage of the proceeding, to survive a motion to
12 dismiss for failure to state a claim. The Court notes that plaintiff did not respond to
13 defendant's motion to dismiss. However, because the Court finds defendants have not
14 met their prima facie burden on their motion to dismiss, and plaintiff's complaint does
15 state a claim, it does not construe plaintiff's failure to respond as an admission the
16 motion has merit under LCR 7(b). Accordingly, defendant's motion to dismiss for failure
17 to state a claim is DENIED.

18       Defendant argues that, alternatively, he is entitled to dismissal of the claim based
19 on qualified immunity. Unless plaintiff makes a two-part showing, qualified immunity
20 shields government officials from liability. The plaintiff must show both: the official(s)
21 violated a federal statutory or constitutional right, and -- at the time of the alleged act or
22 failure to act there was clearly established law that defined the contours of the federal
23 right objectively putting the official(s) on notice – i.e., any reasonable official would

24

25

understand that what they are doing is unlawful. *Escondido v. Emmons,* 139 S.Ct. 500, 503 (2019); *District of Columbia v. Wesby,* 138 S.Ct. 577, 589 (2018).

Under FRCP 12(b)(6), the Court must review the complaint and take all well-pleaded factual allegations as true; the Court must construe such allegations in the light that is most favorable to the non-movant; and the Court must evaluate whether those facts plausibly state a claim that the plaintiff is entitled to relief under applicable law. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). On a motion to dismiss, the District Court reviews "whether the complaint alleges sufficient facts, taken as true, to support the claim that the officials' conduct violated clearly established constitutional rights of which a reasonable officer would be aware 'in light of the specific context of the case.'" *Keates v. Koile,* 883 F.3d 1228, 1235 (9th Cir. 2018), *quoting, Mullenix v. Luna,* 136 S.Ct. 305, 308 (2015) (per curiam). Determining whether qualified immunity applies to a defendant in the pre-trial motion stage under FRCP 12(b)(6) can be problematic. *Keates v. Koile,* at 1234. "If the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,' then plaintiffs are 'entitled to go forward' with their claims. *Id., quoting, Pelletier v. Fed. Home Loan Bank of San Francisco,* 968 F.2d 865, 872 (9th Cir. 1992).

Here, the law was clearly established at the time that equal protection is violated if a state actor treats an individual in a manner inconsistent with others similarly situated with an "intent or purpose to discriminate against that individual based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). Accepting plaintiff's allegations as true, defendant Baird afforded better treatment to the other inmate involved in the altercation

ORDER DENYING MOTION TO DISMISS - 6

because he was white, and plaintiff was not. Accepting plaintiff's allegations as true, it would have been clear to the reasonable official that such actions were unconstitutional. Accordingly, defendant is also not entitled to dismissal based on qualified immunity at this stage of the proceeding.

## CONCLUSION

Based on the foregoing discussion, the Court DENIES defendant's motion to dismiss (Dkt. 24). Defendant is directed to file an answer to the complaint on or before **September 14, 2020**. The Clerk is directed to provide a copy of this order to all parties.

IT IS SO ORDERED.

Dated this 14th day of August, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge