UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Justin Edward Lewis,<br><br>             Plaintiff,<br>   v.<br><br>Caleb Baird,<br><br>             Defendant. | Case No. 3:19-cv-05653-TLF<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter is before the Court on defendant's motion for summary judgment. Dkt. 37. Plaintiff brought this action pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis*. The parties have consented to the jurisdiction of Magistrate Judge Theresa Fricke to conduct all proceedings in this case. Dkt. 23; *see* 28 U.S.C. § 636(c). For the reasons set forth below, the Court grants defendant's motion and dismisses plaintiff's complaint.

PROCEDURAL HISTORY

Plaintiff is currently an inmate at the Thurston County Jail; however, his claims arise from events alleged to have taken place at the Kitsap County Jail (the "Jail"). Dkt. 5 at 5. Plaintiff filed his complaint on July 17, 2019, alleging claims against defendants Caleb Baird (a Jail correctional officer), Chad Enright (Kitsap County Prosecutor) and Penny Sapp (Jail Librarian). Dkt. 5. This Court declined to serve the complaint because plaintiff's claims against defendants Enright and Sapp failed to state a claim upon which relief could be granted. Dkt. 6. The Court provided plaintiff leave to amend his complaint

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 1

to correct the deficiencies. *Id*. However, plaintiff failed to do so, and the Court recommended dismissal of the defective claims. Dkt. 14. On February 10, 2020 the District Court adopted the recommendation and dismissed plaintiff's claims against defendants Enright and Sapp. Dkt. 16.

After the complaint was served upon the only remaining defendant, Caleb Baird, and the parties consented to the jurisdiction of the undersigned, defendant Baird brought a motion to dismiss. Dkt. 24. Plaintiff did not respond to the motion. The Court denied the motion because, at the motion to dismiss stage, plaintiff's allegations must be accepted as true—but the Court noted that this did not necessarily mean plaintiff would be successful on the merits of his claims. Dkt. 30 at 5.

On March 5, 2021, defendant Baird filed his motion for summary judgment, together with a *Rand* notice and the Declaration of John C. Purves. Dkts. 37, 38. Plaintiff has not responded. Defendant reports that no discovery has taken place during the pendency of this case. Dkt. 38 at 2.

## FACTUAL BACKGROUND

The only claim remaining in plaintiff's complaint alleges that defendant Caleb Baird, a correctional officer at the Kitsap County Jail, violated plaintiff's right to Equal Protection in his investigation of an altercation between plaintiff and a fellow inmate. Dkt. 5 at 3–5; Dkt. 16.

Plaintiff has submitted no evidence (nor any response) to oppose summary judgment. Plaintiff's complaint, which was signed under penalty of perjury, may be considered as evidence—but only to the extent that it is based upon personal knowledge and sets forth facts that would be admissible in evidence. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). The complaint alleges that plaintiff was in a fight with a white inmate

who hit plaintiff in the face three times; plaintiff then hit him back. Dkt. 5 at 4–5. Plaintiff claims the incident was recorded on DVR, but defendant Baird did not look at the camera footage. *Id.* Plaintiff alleges the recording supported his version of events and that Baird "only took one side of the story" in order to keep the white inmate out of trouble. *Id.* Plaintiff asserts he was treated differently and given a harsher punishment than the inmate with whom he fought, because of plaintiff's "size and race." *Id.*

Defendants have submitted as evidence defendant Baird's incident report dated May 24, 2019, which was submitted under penalty of perjury. Dkt. 38 at 2, 5–6. The report, prepared on the same day as the incident at issue, describes Baird's investigation and the accounts of the witnesses he interviewed. Dkt. 38 at 5–6. Baird states that inmate Paul Cichocki—showing signs of swelling and redness—reported an assault by plaintiff after Cichocki had come to the defense of a third inmate. *Id*.

Defendant Baird took inmate Cichocki to an interview room, then escorted plaintiff to a different area. *Id*. Baird reports that when asked for his version of events, plaintiff reported that two people in the recreation yard came up behind him and one hit him, so he defended himself. *Id*. Plaintiff asserted that the camera footage would support his version of events. *Id*.

After returning to the interview room to speak with inmate Cichocki, arranging for a nurse to provide medical attention and photographing Cichocki's injuries, defendant Baird then "retrieved the camera from the Sergeant's office and reviewed the video." *Id*. at 6. Later that day, Baird interviewed a third inmate, Adam Gonzales, who reported that he was the inmate Cichocki had defended and he had witnessed the altercation. *Id*. Inmate Gonzales reported that plaintiff was the aggressor and had repeatedly punched and

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 3

pushed inmate Cichocki after Cichocki had intervened on Gonzales' behalf. *Id*. Defendant Baird's report concludes that plaintiff was charged with multiple infractions. *Id*.

## DISCUSSION

**A.   Legal Standard**

    1.   Summary Judgment

Summary judgment is supported if the materials in the record "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure (FRCP) 56 (a), (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In this context, materiality means the fact is one that is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit"; thus, materiality is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The non-moving party is required to show that genuine issues of material fact "'can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party.*" California Architectural Building Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson,* 477 U.S. at 250) (emphasis in

original). Mere disagreement or bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *Id*.

When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Anderson,* at 255. Yet the Court is not allowed to perform the jury's function—the Court may not weigh evidence, draw legitimate inferences from facts, or decide credibility. *Id*. If the moving party meets the initial burden, an adverse party may not rest upon the mere allegations or denials of his pleading; his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(c). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015). But "the district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." *Id.*

In response to the motion for summary judgment, the nonmoving party is required to present specific facts, and cannot rely on conclusory allegations. *Hansen v. U.S.,* 7 F.3d 137, 138 (9th Cir. 1993). The court must determine whether the specific facts that are presented by the non-moving party, considered along with undisputed context and background facts, would show that a rational or reasonable jury might return a verdict in the non-moving party's favor based on that evidence. *Emeldi v. University of Oregon,* 698 F.3d 715, 728-29 (9th Cir. 2012).

2. <u>Section 1983</u>

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct complained of was committed by a person acting under color of state law, and (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or

laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

B.   **Plaintiff's Equal Protection Claim**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th Cir. 2005) (internal quotations omitted). To allege an equal protection violation based on race or other protected status, plaintiff "must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citations and quotations omitted).

Plaintiff does not allege his own race but alleges that Baird failed to review the video of the altercation at issue and acted to protect the white participant and to punish plaintiff more harshly because of plaintiff's "size and race." Dkt. 5 at 5. Plaintiff submits no evidence of any intent or purpose to discriminate by defendant Baird. Plaintiff alleges only

that he was punished more harshly than the white participant in the altercation, and speculates that this was because Baird failed to review the video of the event and "only took one side of the story." *Id*.

Defendants have submitted evidence establishing that defendant Baird conducted an investigation of the altercation. Dkt. 38 at 5–6. Baird spoke with the two combatants—plaintiff and inmate Cichocki—to get their versions of events. *Id*. He also spoke with an eyewitness to the altercation. *Id*. Finally, Baird has stated under penalty of perjury that he reviewed the video footage of the fight. *Id*. Based upon all of this evidence, Baird concluded that plaintiff should be infracted for his role in the altercation. *Id.*

Baird's statement that he reviewed the video contradicts plaintiff's allegation that he did not, but the contradiction does not present a triable issue of fact sufficient to defeat summary judgment. Baird's statement was made under oath and is based upon his personal knowledge of the acts he took. Plaintiff's allegation, in contrast, provides no foundation of personal knowledge and is wholly speculative; it is based solely on what plaintiff believes Baird did or did not do. While this unsupported allegation was sufficient at the pleading stage, where plaintiff's allegations were taken as true, at the summary judgment stage plaintiff must come forward with evidence to support his claim. *Celotex*, 477 U.S. at 322–23. *See also Nigro*, 784 F.3d at 497 ("The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence."); *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (mere allegations are insufficient to oppose summary judgment, as are unsupported conjecture and conclusory statements).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

Plaintiff has failed to meet his burden to come forward with admissible evidence to support his claim that Baird violated his right to equal protection. The Court therefore GRANTS defendant Baird's motion for summary judgment and dismisses plaintiff's complaint with prejudice.

## IN FORMA PAUPERIS STATUS ON APPEAL

The Court must also decide whether plaintiff's *in forma pauperis* status should continue in the event plaintiff appeals. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(i), (ii).

Here, as noted, plaintiff has failed to adduce any evidence to support his claim that defendant Baird violated his right to equal protection. Accordingly, the Court concludes that plaintiff's *in forma pauperis* status is revoked in the event of any appeal.

## CONCLUSION

Based on the foregoing discussion, the Court GRANTS defendant's motion for summary judgment; plaintiff's complaint is DISMISSED WITH PREJUDICE.

Dated this 11th day of May, 2021.

Theresa L. Fricke
United States Magistrate Judge